UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID SIMPKINS and SALLY SIMPKINS, | ) ) ) ) |
| Plaintiffs, | ) ) No. 3:23-cv-0367 |
| v. | ) ) ) |
| JOHN MAHER BUILDERS, INC. *et al.*, | ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

On December 26, 2023, Plaintiffs David Simpkins and Sally Simpkins, Tennessee residents proceeding pro se, filed a Complaint (Doc. No. 1), an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 2), a Motion to Seal Case (Doc. No. 3), an "Emergency Motion Respectfully Requesting the USDC to Rule on the Previously-Filed Ex-Parte Application for: Writ of Mandamus/Rule 60 for Relief/Federal Rule 65(a)(1) Injunction Against Rubin Lublin and Freedom Mortgage for Fraudulent Disclosure Due to Fraud by the Aforementioned Parties" (Doc. No. 4), a Motion "Requesting the USDC to Allow Communications with the Court Via Email [and] Being Able to File Documents Via Email and Receive Communications from the Court Via Email" (Doc. No. 7), and an "Emergency Motion for Restraining Order and Permanent Injunction for Fraudulent Foreclosure" (Doc. No. 8).

The Complaint and emergency motions concern disputes over the purchase and quality of their residential home and their mortgage loan repayment obligations. These disputes resulted in Plaintiffs receiving notice on December 5, 2023, that their residence (located at 1375 Round Hill Lane, Spring Hill, TN 37174) would be sold on January 4, 2024, to satisfy their indebtedness and

1

the costs of foreclosure. Plaintiffs seek to avert the imminent foreclosure and sale of their home as well as an award of monetary damages. Plaintiffs additionally ask this Court to void various rulings by Tennessee state courts.

For multiple reasons, Plaintiffs are not entitled to the relief they seek at this time. The Court will address each reason in turn.

## I. COMPLAINT

Under Rule 11(a) of the Federal Rules of Civil Procedure, all pleadings filed with the Court must be signed "by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a).

Plaintiffs submitted a single pro se Complaint on behalf of both Mr. Simpkins and Ms. Simpkins. (See Doc. No. 1 at 99). The Complaint, however, contains only typewritten names, not signatures, which is insufficient to satisfy Rule 11(a). See Becker v. Montgomery, 532 U.S. 757-763-64 (2001) (applying Rule 11 requirement of handwritten signature and declining "to permit typed names"). Thus, the Court cannot accept the Complaint as is. If Plaintiffs wish to proceed, both Plaintiffs **MUST** provide a handwritten signature on the Complaint.

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

The Court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). To grant such authorization, the Court requires sufficient information to determine "whether the court costs can be paid without undue hardship." Foster v. Cuyahoga Dep't of Health and Human Servs., 21 F. App'x 239, 240 (6th Cir. 2001). Here, there are at least two problems with the IFP Application.

First, Mr. Simpkins utilized the abbreviated "short form" application to proceed as a pauper (Form AO240) instead of the "long form" application (Form AO239). However, in the Middle District of Tennessee, "only prisoner litigants are permitted to use the short form. Non-prisoner

litigants must use the long form AO239" that provides more detailed financial information. See https://www.tnmd.uscourts.gov/pro-se-forms (last visited January 3, 2024).

Second, as with the Complaint, Mr. Simpkins did not affix a handwritten signature on his IFP Application. (Doc. No. 2 at 2). Thus, the Court cannot accept the IFP Application, even if Mr. Simpkins had correctly used the "long form" application.

The Court therefore **DENIES** the IFP Application **WITHOUT PREJUDICE** (Doc. No. 2). However, the Court will allow Mr. Simpkins an opportunity to submit an amended application.

Only Mr. Simpkins submitted an IFP Application. (See Doc. No. 2 at 2). When proceeding pro se, each plaintiff must submit his or her own IFP Application. If Ms. Simpkins wishes to obtain pauper status, she **MUST** separate her own properly-completed and signed "long form" pauper application.

Rather than seek pauper status, Mr. Simpkins and Ms. Simpkins may submit the full civil filing fee of $405. This fee consists of a $350 filing fee and a $55 administrative fee. See 28 U.S.C. § 1914(a)–(b); District Court Miscellaneous Fee Schedule, https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule, provision 14 (eff. Dec. 1, 2023).

### III. MOTION TO SEAL CASE

The Motion to Seal Case (Doc. No. 3) consists of one page. It does not contain a typed or handwritten signature of either Mr. Simpkins or Ms. Simpkins. It does not contain a certificate of service. As such, the motion is not properly before the Court. The Motion is therefore **DENIED WITHOUT PREJUDICE**, and the Clerk is directed to unseal the case.

### IV. EMERGENCY EX PARTE MOTION (DOC. NO. 4) AND EMERGENCY MOTION FOR RESTRAINING ORDER AND PERMANENT INJUNCTION (DOC. NO. 8)

Although the Motion is not titled as such, the Court construes the "Emergency Motion Respectfully Requesting the USDC to Rule on the Previously-Filed Ex-Parte Application for: Writ

of Mandamus/Rule 60 for Relief/Federal Rule 65(a)(1) Injunction Against Rubin Lublin and Freedom Mortgage for Fraudulent Disclosure Due to Fraud by the Aforementioned Parties" ("the Motion") (Doc. No. 4) as seeking a Temporary Restraining Order ("TRO") under Rule 65(b) of the Federal Rules of Civil Procedure. Plaintiffs also filed an "Emergency Motion for Restraining Order and Permanent Injunction for Fraudulent Foreclosure." (Doc. No. 8). As explained below, the Court cannot consider the merits of either motion in its current form due to a number of deficiencies.

As with the Complaint and Mr. Simpkins's IFP Application, both motions have not been properly signed. (See Doc. No. 4 at 18; Doc. No. 8 at 13). This fact alone prevents the Court from considering, at this time, the merits of Plaintiffs' arguments to stop the foreclosure.

Next, a TRO movant must comply with specific procedural requirements. First, "any request for a TRO" must be made by written motion "separate from the complaint." M.D. Tenn. L.R. 65.01(a). Second, because the movant bears the burden of justifying preliminary injunctive relief on the merits, Kentucky v. U.S. ex rel. Hagel, 759 F.3d 588, 600 (6th Cir.2014), a TRO motion must be accompanied by a memorandum of law. M.D. Tenn. L.R. 65.01(b). Third, the motion for a TRO must be supported, at a minimum, by "an affidavit or a verified complaint." Fed. R. Civ. P. 65(b)(1)(A); M.D. Tenn. L.R. 65.01(b) (explaining that a motion for a TRO "must be accompanied by a separately filed affidavit or verified written complaint"). Finally, the moving party must certify in writing "any efforts made to give notice and why it should not be required." Fed. R. Civ. P. 65(b)(1)(B); see also M.D. Tenn. L.R. 65.01(c) (requiring "strict compliance" with this notice provision by pro se moving parties).

Here, neither motion filed by Plaintiffs fulfills all these procedural requirements. Plaintiffs have not submitted a memorandum of law concerning the loan at issue. Plaintiffs have not

4

supported their request for a TRO with a sworn affidavit or a verified complaint. Finally, Plaintiffs have not explained in writing what particular efforts they made to give notice to Defendants or why notice should not be required. Thus, Plaintiffs have not placed specific facts before the Court in a manner allowing it to fairly evaluate the TRO on the merits.

Accordingly, the Court **DENIES WITHOUT PREJUDICE** both motions (Doc. Nos. 4 & 8) and Plaintiffs' requests for a TRO and injunction. The Court's ruling does not preclude Plaintiffs from subsequently filing a properly-supported, procedurally-compliant motion under Rule 65.

Were the Court able to reach the merits of Plaintiff's request for a TRO and injunction, the Court notes that, by their own admission, Plaintiffs received written notice of the day, time, and location of the foreclosure sale on December 5, 2023 but waited until December 26, 2023[1] — a few days before the scheduled sale—to file the Motion. Such last-minute emergency motions are strongly disfavored. See Jacquelyn S Jordan Tr. v. City of Franklin, No. 3:22-CV-00326, 2022 WL 1507196, at *1 (M.D. Tenn. May 12, 2022) (citing Lucking v. Schram, 117 F.2d 160, 162 (6th Cir. 1941) ("[E]quity aids the vigilant, and not those who slumber on their rights.")); see also Kassab v. City of Detroit, No. 22-CV-12307, 2022 WL 5052640, at *2 (E.D. Mich. Sept. 29, 2022) (denying TRO to movants who sought to enjoin enforcement of deadline two days prior to that deadline because movants "created the purported emergency here by waiting until the eleventh hour to file this action" without offering "any persuasive explanation in their motion as to why they waited so long before rushing into federal court and claiming an urgent need for immediate relief").

---

[1] Plaintiffs assert in the Motion that their Complaint (which they refer to as a motion) "was filed with the USDC on December 15th, 2023." (Doc. No. 4 at 3). However, Plaintiff's Complaint was filed on December 26, 2023. In fact, a review of the docket reveals that Plaintiffs filed no documents with the Court on December 15, 2023, or prior to December 26, 2023.

## V. MOTION FOR "COMMUNICATIONS WITH THE COURT VIA EMAIL [AND] BEING ABLE TO FILE DOCUMENTS VIA EMAIL AND RECEIVE COMMUNICATIONS FROM THE COURT VIA EMAIL"

Pro se litigants are not permitted to communicate with the Court via email. Thus, Plaintiffs' Motion (Doc. No. 7) is **DENIED**. However, pro se litigants such as Plaintiffs may seek permission to use the Court's Electronic Case Filing System ("CM/ECF") which allows litigants to file documents and receive notice of Court ruling electronically. Plaintiffs may contact the Clerk's Office to be connected to Gregory Bowersock who will be able to set up training and/or access to the system for Plaintiffs.

## VI. CONCLUSION

Although the case is subject to dismissal, the Court will give Plaintiffs an opportunity to cure the defects in its filing. If Plaintiffs choose to do so, they must file a complaint accompanied by either the full $405 filing fee or an application for leave to proceed IFP for each Plaintiff, regardless of whether they also file a renewed motion for a TRO or preliminary injunction. Furthermore, under Rule 11(a) of the Federal Rules of Civil Procedure, all pleadings filed with the Court must be signed (handwritten, not typed) "by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a).

In the event that a renewed TRO motion is filed, it must be specific with regard to the relief it seeks and must comply with all applicable procedural requirements.

If Plaintiffs wish to proceed with this action, they **MUST** make the necessary filings within 30 DAYS of the entry of this Order and must include on those filings the number assigned to this case, 3:23-cv-01367.

Plaintiffs are cautioned that failure to comply with this Order within the allotted time (or to request an extension of the deadline prior to its expiration), or failure to keep the Court apprised of their current address(es), will result in the dismissal of the case.

IT IS SO ORDERED.

                                                _____
                                                WAVERLY D. CRENSHAW, JR.
                                                CHIEF UNITED STATES DISTRICT JUDGE