UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID SIMPKINS and SALLY SIMPKINS, | ) ) ) ) |
| Plaintiffs, | ) ) No. 3:23-cv-01367 |
| v. | ) ) ) |
| JOHN MAHER BUILDERS, INC. *et al.*, | ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

David Simpkins and Sally Simpkins, Tennessee residents proceeding pro se, have filed an "Amended Emergency Motion for the USDC to Rule on the Complaint Per Federal Rule 60 for Relief" (Doc. No. 12), an Amended Application for Leave to Proceed In Forma Pauperis by David Simpkins (Doc. No. 15), an Amended Application for Leave to Proceed In Forma Pauperis by Sally Simpkins (Doc. No. 16), and a "Motion to Expedite the Prior Emergency Motion" (Doc. No. 18).

**I. BACKGROUND**

On December 26, 2023, Plaintiffs filed a Complaint (Doc. No. 1), an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 2), a Motion to Seal Case (Doc. No. 3), an "Emergency Motion Respectfully Requesting the USDC to Rule on the Previously-Filed Ex-Parte Application for: Writ of Mandamus/Rule 60 for Relief/Federal Rule 65(a)(1) Injunction Against Rubin Lublin and Freedom Mortgage for Fraudulent Disclosure Due to Fraud by the Aforementioned Parties" (Doc. No. 4), a Motion "Requesting the USDC to Allow Communications with the Court Via Email [and] Being Able to File Documents Via Email and

1

Receive Communications from the Court Via Email" (Doc. No. 7), and an "Emergency Motion for Restraining Order and Permanent Injunction for Fraudulent Foreclosure" (Doc. No. 8).

The Complaint and emergency motions concerned disputes over the purchase and quality of Plaintiffs' residential home and their mortgage loan repayment obligations. These disputes resulted in Plaintiffs receiving notice on December 5, 2023, that their residence (located at 1375 Round Hill Lane, Spring Hill, TN 37174) would be sold on January 4, 2024, to satisfy their indebtedness and the costs of foreclosure. Plaintiffs sought to avert the imminent foreclosure and sale of their home as well as an award of monetary damages. Plaintiffs additionally asked this Court to void various rulings by Tennessee state courts.

By Memorandum and Order entered on January 3, 2023, the Court determined that Plaintiffs were not entitled to the relief they sought at that time. (Doc. No. 9). On the following day (the scheduled day of Plaintiff's foreclosure), in the interests of justice the Court directed the Clerk of Court to find elbow counsel for Plaintiffs for the next twenty-four hours. (Doc. No. 10). Plaintiffs then submitted several new pro se filings. The Court addresses those filings herein.

## II. AMENDED COMPLAINT

Under Rule 11(a) of the Federal Rules of Civil Procedure, all pleadings filed with the Court must be signed "by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a).

Plaintiffs initially submitted a single pro se Complaint on behalf of both Mr. Simpkins and Ms. Simpkins. (See Doc. No. 1 at 99). The Complaint, however, contained only typewritten names, not signatures, which is insufficient to satisfy Rule 11(a). See Becker v. Montgomery, 532 U.S. 757-763-64 (2001) (applying Rule 11 requirement of handwritten signature and declining "to permit typed names"). Plaintiffs now have submitted an Amended Complaint bearing the handwritten signatures of both Plaintiffs. (Doc. No. 11). Plaintiffs also filed Affidavits in support

of the Amended Complaint. (See Doc. Nos. 13 & 14). Plaintiffs have remedied the deficiencies with the initial complaint.

### III. APPLICATIONS TO PROCEED IN FORMA PAUPERIS

The Court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). To grant such authorization, the Court requires sufficient information to determine "whether the court costs can be paid without undue hardship." Foster v. Cuyahoga Dep't of Health and Human Servs., 21 F. App'x 239, 240 (6th Cir. 2001). The original Application for Leave to Proceed In Forma Pauperis ("IFP Application") submitted by Mr. Simpkins could not be accepted by the Court for the reasons set forth in the Court's prior Memorandum Opinion and Order. (See Doc. No. 9). Now Mr. and Ms. Simpkins each have filed a separate IFP Application. (Doc. Nos. 15 & 16).

Both IFP Applications show that only Ms. Simpkins is employed; the couple's average monthly income is $4400; the couple has no money in a checking or savings account; the couple's monthly expenses total $2624.49; several of their household bills are overdue; they expect no major changes to their monthly incomes or expenses in the next 12 months; and they will not be spending any money for expense or attorney fees in conjunction with this lawsuit. (Id.) Plaintiffs indicate that their "current situation requires daily costs of isopropyl alcohol mixed with mold killer and essential oils that suppress mold spores", but these costs are accounted for in the "Monthly Expenses" section of the IFP Applications. (Doc. No. 15 at 5; Doc. No. 16 at 5). Plaintiffs further indicate that "on a weekly basis [they] have to add additives to their vehicle engine and coolant system to stop leaks" but this cost also is accounted for in the "Monthly Expenses" section. (Id.) The IFP Applications indicate that Plaintiffs' combined monthly income exceeds their monthly expenses by $1775.51. Plaintiffs do not explain why they are unable to pay

3

their monthly expenses with this surplusage.

The Court therefore **DENIES** the IFP Applications (Doc. Nos. 15 & 16) **WITHOUT PREJUDICE**. However, the Court will allow Plaintiffs an opportunity to submit amended IFP Applications that more fully explain their financial situation.

Alternatively, Plaintiffs may submit the full civil filing fee of $405. This fee consists of a $350 filing fee and a $55 administrative fee. See 28 U.S.C. § 1914(a)–(b); District Court Miscellaneous Fee Schedule, https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule, provision 14 (eff. Dec. 1, 2023).

Plaintiffs must submit amended IFP applications or the full civil filing fee within 30 days or this case will be dismissed.

### IV. "AMENDED EMERGENCY MOTION FOR THE USDC TO RULE ON THE COMPLAINT PER FEDERAL RULE 60 FOR RELIEF" (DOC. NO. 12) and MOTION TO EXPEDITE THE PRIOR EMERGENCY MOTION (DOC. NO. 18)

Plaintiff's Motion to Expedite (Doc. No. 18) is **GRANTED** insofar as the Court addresses the "Amended Emergency Motion for the USDC to Rule on the Complaint Per Federal Rule 60 for Relief" ("Amended Emergency Motion") herein.

Plaintiffs title their Amended Emergency Motion as one seeking relief under Federal Rule of Civil Procedure 60. In that motion, Plaintiffs "request the opportunity to exercise their right to file a FRCP 60 Motion for Relief under (b)(3) for misconduct and (d)(3) for Fraud on the Court." (Doc. No. 12 at 4). Plaintiffs' "aim is to have the USDC rectify the 'Frauds on the Courts' and restore not only their own rights but also the rights of the general public." (Id.) Plaintiffs clarify in a subsequent sentence that they believe "several Judges and Clerks in the Chancery and Appellate Courts" have engaged in such fraud. (Id.)

Federal Rule of Civil Procedure 60(b) allows a court to relieve a party from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or the judgment is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6). A motion for relief from a judgment or order under Rule 60 must be filed "within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Rule 60(d) provides that the court may set aside a judgment "for fraud on the court."

However, Rule 60 applies after the the entry of final judgment in federal civil action, which is not the case here. Plaintiffs do not ask Court to reconsider the prior dismissal of a federal civil case. Instead, Plaintiffs attempt to use Rule 60 to appeal or otherwise challenge prior rulings of Tennessee state courts, which Plaintiffs cannot do. That is because "federal courts do not sit as appellate courts for state courts that have decided matters of state law." Mutters-Edelman v. Abernathy, No. 1:20-2455-STA-cgc, 2021 WL 2413044, at *4 (W.D. Tenn. June 14, 2021); see also Johnson v. Lewis, No. 3:23-cv-00660, 2023 WL 5663082, at *3 (M.D. Tenn. Aug. 31, 2023) (quoting Mutters-Edelman) (same); cf. Dan H. Shell, III, M.D., PLLC v. Danders, No. 222CV02363JTPTMP, 2023 WL 2776734, at *3 (W.D. Tenn. Apr. 4, 2023) (citing In re McKeehan, No. 96-29658-K, Chapter 7, Adv. Proc. No. 96-1251, 1999 WL 35029371 (Bankr. W.D. Tenn. June 8, 1999)) ("Bankruptcy courts, as federal courts, do not sit as an appellate court

5

in review of state court decisions" and federal courts may not disregard a state court judgment, even where erroneous, until properly reversed). Thus, Plaintiffs' Amended Emergency Motion seeking relief under Federal Rule of Civil Procedure 60 is **DENIED**.

Taking into account Plaintiffs' pro se status and previous filings in this case, the Court construes the Amended Emergency Motion as also seeking a Temporary Restraining Order ("TRO"). However, Plaintiffs are not entitled to a TRO at this time. A TRO movant must comply with specific procedural requirements. One such requirement is that the moving party must certify in writing "any efforts made to give notice and why it should not be required." Fed. R. Civ. P. 65(b)(1)(B); see also M.D. Tenn. L.R. 65.01(c) (requiring "strict compliance" with this notice provision by pro se moving parties). Here, Plaintiffs have not explained in writing what particular efforts they made to give notice to Defendants or why notice should not be required. Having previously advised Plaintiffs of the need to provide such notice (see Doc. No. 9 at 4-5), the Court is not inclined to waive compliance with this procedural requirement. Accordingly, to the extent the Amended Emergency Motion requests a TRO, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' request.[1] The Court's ruling does not preclude Plaintiffs from subsequently filing a properly-supported, procedurally-compliant motion under Rule 65.

### IV. CONCLUSION

If Plaintiffs wish to proceed with this action, they **MUST** make the necessary filings within 30 DAYS of the entry of this Order and must include on those filings the number assigned to this case, 3:23-cv-01367.

---

[1] The Court notes that Ms. Simpkins orally represented to a member of the Clerk's Office staff that the scheduled foreclosure date has been changed; however, the Court has not relied on that representation herein.

Plaintiffs are cautioned that failure to comply with this Order within the allotted time (or to request an extension of the deadline prior to its expiration), or failure to keep the Court apprised of their current address, will result in the dismissal of the case.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

7

Case 3:23-cv-01367    Document 19    Filed 01/25/24    Page 7 of 7 PageID #: 438