IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID SIMPKINS AND SALLY SIMPKINS )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>JOHN MAHER BUILDERS, INC. )<br>ET AL. )<br>Defendants. ) | Civil Action No. 3:23-cv-01367<br>Judge Crenshaw/Frensley |

## REPORT AND RECOMMENDATION

This action was filed on December 26, 2023, (Docket No. 1). On April 30, 2024, the matter was referred to the undersigned to oversee service of process, enter a scheduling order and dispose of or recommend disposition of any pretrial motions. Docket No. 31. A review of the file indicates that the Plaintiffs have not served the Defendants in this matter and as a result the Court entered a show cause order instructing the Plaintiffs to provide the status of service of Defendants in this matter by August 26, 2024. Docket No. 34. Plaintiffs were forewarned that failure to provide status of service of process of Defendants in this matter or respond to the show cause order could result in a recommendation that the matter be dismissed. *Id.*

To date, the Plaintiff has not advised the Court on the status of service process of Defendants or otherwise made any type of response to the August 5, 2024, Order. Docket No. 34.

Rule 4(m) requires that the defendants be served with process within 90 days of the date this action was filed and provides that, in the absence of a showing of good cause by the plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice. Because the Defendants in this case have not been served with process within the time period set out in Rule 4(m), this action should be dismissed.

It is also well settled that Federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1961), and Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. *See Carter v. City of Memphis, Tennessee*, 636 F. 2d 159, 161 (6th Cir. 1980). While the Plaintiffs have filed several pleadings with the Court since the entry of the show cause order, they have failed to address the issue of service as required by the Order. Plaintiffs' failure to return proof of service, respond to the show cause order, or to otherwise take any activity in the case to effectuate service indicates that the Plaintiffs have not prosecuted this case.

For the reasons set forth herein, the Court respectfully recommends this action be **DISMISSED WITHOUT PREJUDICE** in accordance with Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**