UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 3:24-mc-14 |
| DAVID SIMPKINS and ) | |
| SALLY SIMPKINS, ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Pending is an "Emergency Petition for Writ of Mandamus to Compel Filing & Docketing" ("petition") by pro se litigants David Simpkins and Sally Simpkins.

The Simpkins are a married couple and co-plaintiffs in Case No. 3:23-cv-1367, a closed case before the undersigned. The Court entered an Order on October 18, 2024 in that case that stated as follows:

> Accordingly, Plaintiffs are hereby on notice that they shall not make any more filings in the above-captioned case (which is closed), except to the extent Plaintiffs choose to file a notice of appeal from this or any other Order in this case. This Order shall also serve as a final warning to Plaintiffs that any future irrelevant filings in this matter may result in sanctions or additional filing restrictions.

(Doc. No. 48 at 1). Case No. 3:23-cv-1367 is closed.

Notwithstanding the filing restriction, the Court directed the Clerk to docket the "Emergency Petition for Writ of Mandamus to Compel Filing & Docketing" and its exhibits in the instant miscellaneous case for the Court's consideration.

Before moving to the merits of that petition, the Court acknowledges the Simpkins' stated due process concerns regarding the previously-imposed filing restriction. Accordingly, the Court's October 18, 2024 Order is hereby **AMENDED** in part. The first paragraph of the Order has no changes and remains in effect as originally written. The second paragraph of the Order shall be replaced as follows:

1

Accordingly, Plaintiffs are hereby on notice that they shall not make any more filings in the above-captioned case (which is closed) without prior Court approval to submit such filing. If the Simpkins present documents for filing, the Clerk will stamp those documents as "received" (but not "filed") and enter a notice in this miscellaneous case docket indicating that that the Simpkins have attempted to file new documents. The Clerk's Office will preserve the documents. Upon receipt of the notice, the Court will determine if the Simpkins' documents should be filed. This process does not pertain to any attempt by the Simpkins, individually or collectively, to initiate a new civil lawsuit in this Court. This Order shall also serve as a final warning to Plaintiffs that any future irrelevant filings in this matter may result in sanctions or additional filing restrictions. Plaintiffs' most recent Motion (Doc. No. 47) is **DENIED.**

This amendment ensures that the Simpkins have an opportunity to be heard regarding any documents they wish for the Court to consider in their closed case. It does not guarantee that the Court will permit such documents to be filed. It does not provide an exception for filing a notice of appeal because the time for filing an appeal of the Court's Order dismissing this case has expired.

Moving now to the merits of the Simpkins' petition, some background information is necessary before proceeding. On October 2, 2024, the Court approved and adopted the Magistrate Judge's Report and Recommendation ("R&R") to dismiss Case No. 3:23-cv-1367 for failure to effectuate service and for failure to prosecute. (Doc. No. 42). In dismissing the case, the Court noted that Plaintiffs had failed to file an objection to the R&R despite the R&R's specific warnings regarding waiver. That Order was a final order, and the Clerk entered judgment under Rule 58 and closed the file. (See Doc. No. 43).

Five days later, the Simpkins filed an "Emergency Motion for Protective Order and Cease and for Life Threatening Situation with Response to Illegal Dismissal of Case and Immediate Action by Chief Judge Campbell." (Doc. No. 44). The 47-page long motion did not address the Simpkins' failure to object to the R&R or the Court's dismissal of their case. By Order entered on October 9, 2024, the Court denied the latest emergency motion as moot. (Doc. No. 46).

The Simpkins then filed a motion entitled "Amended Emergency Motion to Chief Judge Campbell Eyes Only for Life Threatening Situation with Response to Illegal Dismissal of Case and Respectful Request for Review and Immediate Action by Chief Judge Campbell." (Doc. No. 47). The Court denied the motion and, in that Order, imposed the previously-discussed filing restriction. (Doc. No. 48).

The instant petition seeks a writ of mandamus compelling the Clerk, first and foremost, to docket the Simpkins' motion for relief from final judgment and to reopen Case No. 3:23-cv-1367. In addition, the petition asks the Court to sanction certain Clerk's Office employees "for their week-long delay and harm" and to "issue Orders for cease and desist and an Order to Protect the Plaintiffs from harm . . . ." (Doc. No. 3 at 12). Additionally, the petition asks that Judges Campbell, Frensley, and the undersigned recuse "for frauds on the Court and failing to rule on subject matter jurisdiction and hiding an emergency motion under a new case number violating the Plaintiff's Constitutional Rights . . . ." (Id.)

First, the Simpkins argue that Federal Rule of Civil Procedure 60(b)(3) provides a basis for relief from judgment "due to Defendant's numerous frauds, the Williamson County Chancery Court's numerous frauds on the Court, by Judges Martin and Hood, the Nashville, TN. Appellate Court, and the Nashville, TN., Unites States District Court for systematic judicial misconduct by Judges Frensley, Crenshaw, and Campbell." (Id. at 2). The Simpkins next argue that Federal Rule

3

of Civil Procedure 60(b)(6) provides an alternative basis for relief from judgment due to "extraordinary circumstances." (Id. at 4).

Rule 60(b) allows a court to relieve a party from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or the judgment is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6). A motion for relief from a judgment or order under Rule 60 must be filed "within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). The Simpkins' request to vacate the dismissal of this case comes ten months after the entry of final judgment and therefore is timely.

The Court is unable to discern a basis for granting relief under Rule 60(b)(3), however. Federal Rule of Civil Procedure 60(b)(3) permits a court to relieve a party from an order because of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). "[T]he Sixth Circuit requires a demonstration by the moving party, supported by clear and convincing evidence, that one or more of the three kinds of misbehavior referred to in the rule occurred." Jordan v. Paccar, Inc., No. 95-3478, 1996 WL 528950, at *9 (6th Cir. Sept. 17, 1996).

The Simpkins have failed to meet this standard. Their allegations of "fraud" are simply expressions of their disagreement with prior decisions of state and federal courts or hyperbolic and/or unsubstantiated statements about court employees, such as the Simpkins' insistence that the

4

Case 3:23-cv-01367   Document 50   Filed 07/21/25   Page 4 of 6 PageID #: 1714

federal Court Clerk and Clerk's Office staff engaged in "acts of Domestic Terrorism for attempted murder against Mr. and Mrs. Simpkins." (Doc. No. 3 at 6). The Simpkins' allegation that the "USDC Court Clerks tampered with" their motions, "lied to Plaintiffs as to why the Emergency Motions had not been filed," and that "Linda Hall" destroyed the filings and supporting documents are likewise unsubstantiated, if not patently incorrect. (Id. at 4). As the Court has noted herein, Clerk of Court Lynda Hill retained the documents submitted by the Simpkins, in accordance with Clerk's Office policy.

Neither can the Court discern a basis for granting relief under Federal Rule of Civil Procedure Rule 60(b)(6). Rule 60(b)(6) is a catchall provision that provides for relief from a final judgment for any reason justifying relief not captured in the other provisions of Rule 60(b). McGuire v. Warden, 738 F.3d 741, 750 (6th Cir. 2013). Rule 60(b)(6) only applies in exceptional or extraordinary circumstances where principles of equity mandate relief. Id. "The decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." Blue Diamond Coal v. Trustees of United Mine Workers, 249 F.3d 519, 529 (6th Cir. 2001); see also Thompson v. Bell, 580 F.3d 423, 442 (6th Cir. 2009). A district court's discretion in deciding a Rule 60(b)(6) motion is especially broad due to the underlying equitable principles involved. Tyler v. Anderson, 749 F.3d 499, 509 (6th Cir. 2014).

Here, the Simpkins have not demonstrated exceptional or extraordinary circumstances warranting the reopening of their case. Their petition does not explain why they are entitled to relief under Rule 60(b)(6) other than stating that exceptional circumstances and fraud exist. They do not explain why they failed to object to the R&R in the first place. They do not explain why they failed to effectuate service on Defendants. Neither do they explain why they did not file a

5

motion for reconsideration of the Court's Order adopting the R&R and dismissing this case. Finally, they do not explain why they failed to file a notice of appeal. Within the 30-day period for filing an appeal, the Chief Judge informed the Simpkins that "[i]f they are dissatisfied with the disposition of Case No. 3:23-cv-0137, they have a right to appeal the decision to the Sixth Circuit Court of Appeals." (Doc. No. 1 at 2). Notably, Mr. Simpkins admits in documents recently submitted to the Court that he was aware of his right to file a notice of appeal but no longer had that option because the 30-day period in which to do so had passed. (Id. at 6) ("I stated we could not file an appeal because we only had 30 days to do so . . . .").

The Simpkins sat on their rights. The Court is not inclined to relieve them of a dismissal to which they did not bother to object or of a final judgment that they now challenge without citing any justifications beyond unsubstantiated allegations of conspiracies, fraud, and judicial misconduct. Moreover, the dismissal of the Simpkins' case was without prejudice, which means that they are not barred from filing another lawsuit raising the same claims. Accordingly, the Simpkins' request for relief under both Federal Rule of Civil Procedure 60(b)(3) and 60(b)(6) is **DENIED**. This case remains closed. As such, the Simpkins' other requests are **DENIED AS MOOT**.

To reiterate, the Simpkins shall not make any more filings in Case No. 3:23-cv-1367 (which is closed) without prior Court approval to submit such filing.

The Clerk is **DIRECTED** to docket this Memorandum Opinion and Order in Case No. 3:23-cv-1367 in addition to the instant case.

IT IS SO ORDERED.

                                                                       _____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE